**NOT FOR PUBLICATION**

FILED

FEB 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMUNDO CHAVEZ, | No. 09-16403 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-04015 CRB |
| v. | |
| CITY OF OAKLAND, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles Breyer, District Judge, Presiding

Argued and Submitted December 10, 2010[**]
San Francisco, California

Before: COWEN[**], TASHIMA and SILVERMAN, Circuit Judges.

Raymundo Chavez appeals the district court's order granting summary

judgment to Defendants-Appellees City of Oakland, Oakland Police Officers

Kevin Reynolds and Cesar Garcia, and Chief of Police Wayne Tucker.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment on the ground of qualified immunity de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). The court "must view the evidence in the light most favorable to [Chavez] to determine if there was no genuine issue as to any material fact and whether the defendants were entitled to judgment as a matter of law." *Crowe v. County of San Diego*, 608 F.3d 406, 427 (9th Cir. 2010).

Chavez's First Amendment claims fail because he has not demonstrated that he was deprived of any federal constitutional right. Chavez fails to present any evidence that members of the public generally had a right to park on Interstate 880 and exit their cars to take pictures of the accident scene. "The First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally." *See Cal. First Amendment Coalition v. Calderon*, 150 F.3d 976, 981 (9th Cir. 1998) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 684, 92 S. Ct. 2646, 33 L. Ed. 2d 626 (1972)). "Newsmen have no constitutional right of access to the scenes of crime or disaster when the general public is excluded . . . ." *Houchins v. KQED*, 438 U.S. 1, 10-11, 98 S. Ct. 2588, 57 L.Ed. 2d 553 (1978) (quoting *Branzburg*, 408 U.S. at 684*).* Furthermore, neither California Penal Code section 409.5 nor an Oakland police "practice of allowing

reporters to stop and park at accident scenes on interstate highways" provides Chavez with a federal right as a member of the press to park his car on the freeway to gather news at this accident scene.

As to Chavez's Fourth Amendment claims, undisputed facts show that an Oakland Fire Department vehicle had to merge around Chavez's parked car to reach the accident scene. Officer Reynolds therefore had probable cause to believe that Chavez's car was impeding the normal and reasonable movement of traffic in violation of Cal. Veh. Code § 22400(a). Undisputed facts also show that Chavez refused to comply with two directives from Officer Reynolds to return to his car and leave the scene of the accident. Officer Reynolds therefore had probable cause to believe that Chavez had willfully refused to comply with a lawful order in violation of  Cal. Veh. Code § 2800(a). Moreover, even in the absence of probable cause, Officer Reynolds' belief that there was probable cause to cite and arrest Chavez for the two above violations of the Vehicle Code was reasonable.

AFFIRMED.